```
 1                     UNITED STATES DISTRICT COURT
                       SOUTHERN DISTRICT OF TEXAS
 2                           HOUSTON DIVISION

 3   ALLEY THEATRE                    .   C.A. NO. H-19-1987
                                      .   HOUSTON, TEXAS
 4   VS.                              .
                                      .   AUGUST 16, 2019
 5   HANOVER INSURANCE CO.            .   2:28 P.M. to 2:41 P.M.

 6

 7                   TRANSCRIPT of INITIAL CONFERENCE
                  BEFORE THE HONORABLE LEE H. ROSENTHAL
 8                 CHIEF UNITED STATES DISTRICT JUDGE

 9

10   APPEARANCES:

11   FOR THE PLAINTIFF:           MR. CHANLER A. LANGHAM
                                  MR. JONATHAN J. ROSS
12                                MS. ELISE MILLER
                                  Susman Godfrey LLP
13                                1000 Louisiana St
                                  Suite 5100
14                                Houston, Texas   77002-5096

15

16   FOR THE DEFENDANT:           MR. CHAD W. SCHREIBER
                                  MS. PERI HAYRIYE ALKAS
17                                Phelps Dunbar LLP
                                  500 Dallas Street
18                                Suite 1300
                                  Houston, Texas   77002

19

20
     OFFICIAL COURT REPORTER:     MS. KATHY L. METZGER
21                                U.S. Courthouse
                                  515 Rusk
22                                Room 8004
                                  Houston, Texas   77002
23                                713-250-5208

24
     Proceedings recorded by mechanical stenography, transcript
25   produced by computer-aided transcription.
```

```
                 1                      P R O C E E D I N G S
                 2           THE COURT:  All right.  Alley Theatre.  Go ahead and
                 3    state your appearances, please.
                 4           MR. LANGHAM:  Chanler Langham for the plaintiff, Alley
14:28:48         5    Theatre.
                 6           MR. SCHREIBER:  Chad Schreiber on behalf of the
                 7    defendant, Hanover Insurance Company.
                 8           MS. MILLER:  Elise Miller also for the Alley.
                 9           MR. ROSS:  Jonathan Ross for the Alley.
14:29:00        10           THE COURT:  All right.
                11           MS. ALKAS:  And Peri Alkas for the insurance company.
                12           THE COURT:  All right.  Well, it looks like what we
                13    need are, I think, cross -- it's a contract interpretation
                14    issue, and it looks like what we need are something like cross
14:29:19        15    motions or what, summary judgment or --
                16           MR. LANGHAM:  Yes, Your Honor.  With whatever it is
                17    that we'd like to call it, I think that it's going to be a
                18    motion on a legal issue as to whether the flood limit applies
                19    to the various claims.
14:29:33        20           THE COURT:  Basically we're talking about a $3 million
                21    limit or a $125 million limit?
                22           MR. LANGHAM:  That is correct, Your Honor.
                23           THE COURT:  Okay.  That's the question?
                24           MR. LANGHAM:  That is the question --
14:29:49        25           THE COURT:  All right.  So how about --
```

14:29:49   1        *MR. LANGHAM:*  So the parties --
           2        *THE COURT:*  -- cross motions on that issue?
           3        *MR. LANGHAM:*  So the parties met and conferred, and we
           4   have a proposed schedule --
14:29:54   5        *THE COURT:*  All right.
           6        *MR. LANGHAM:*  -- for the Court, which is --
           7        *THE COURT:*  I have it.
           8        *MR. LANGHAM:*  -- going to be the last couple of pages
           9   of Document 7.
14:30:00  10        *THE COURT:*  No, I've got it.  So basically does
          11   anybody need to add any new parties or amend at this point?
          12        *MR. LANGHAM:*  Not that I know of.
          13        *THE COURT:*  All right.
          14        *MR. SCHREIBER:*  Your Honor, as far as amendments, we
14:30:16  15   are contemplating an amendment of our pleading -- of our
          16   answer, but as far as amending to add parties, we are not
          17   considering that.
          18        *THE COURT:*  When will you need to -- what would you
          19   need to amend to assert?
14:30:24  20        *MR. SCHREIBER:*  Just with respect to clarifying some
          21   of the coverage positions or coverage arguments that we have.
          22   We just would like to further clarify --
          23        *THE COURT:*  Do you need to do that in a pleading?
          24        *MR. SCHREIBER:*  I'm sorry, Judge?
14:30:42  25        *THE COURT:*  Do you need to do that in the pleadings or

```
14:30:44   1  is that something you can do in the motions?
           2          MR. SCHREIBER:  We could probably do it in a motion,
           3  Judge.
           4          THE COURT:  All right.
14:31:00   5          MR. LANGHAM:  And, Your Honor, on the briefing, we
           6  have discussed this in the past, but I think that the logical
           7  way to do it is for the Alley Theatre to brief the issue
           8  related to income coverage in our opening brief and for the
           9  insurance company to brief the issue of sprinkler leakage and
14:31:36  10  named storm in their opening brief, so that we are not all
          11  entering the opening brief on the same issues.
          12          THE COURT:  I agree that -- I think that one of you
          13  ought to go first on both issues, and then the other party file
          14  a cross motion and a response to the moving party's arguments
14:32:02  15  on both issues.
          16          MR. LANGHAM:  I see.
          17          THE COURT:  And then there will be a third wave in
          18  which the non-movant will respond.  I don't know if I'm going
          19  to need any replies, but at that point we will have oral
14:32:18  20  argument.  So I think what we're better off doing is that.  So
          21  who's going to -- rather than have you both file on different
          22  issues, I would rather one of you file on both issues and the
          23  other party respond on both issues and cross move on both
          24  issues, so that you're -- you've got the same ships that you're
14:32:43  25  going to be addressing.  Hopefully they won't pass in the
```

```
14:32:47   1  night.
           2           MR. LANGHAM:  We haven't yet discussed that.
           3           THE COURT:  Let's look out how it would draft out.
           4           MR. LANGHAM:  Okay.
14:32:56   5           THE COURT:  So who would like to move first on both
           6  issues?
           7           MR. LANGHAM:  When you say "both issues," we're
           8  talking about -- we have three really --
           9           THE COURT:  We have the business loss insurance.
14:33:04  10           MR. LANGHAM:  Yes.
          11           THE COURT:  We have the question of the physical
          12  claims caused by the sprinkler leakage issue, and then we have
          13  the named storm issue?
          14           MR. LANGHAM:  Yes, Your Honor.
14:33:24  15           THE COURT:  Anything else?  Those are the three
          16  issues, right?
          17           MR. SCHREIBER:  Those are the issues.  There is one
          18  additional issue that we've discussed within the initial round
          19  of summary judgments, and that relates specifically to the
14:33:36  20  calculation of a BI loss per the policy language.  Essentially
          21  there's two aspects of our defense, which is --
          22           THE COURT:  But that's okay.  That's still within the
          23  business umbrella window.
          24           MR. SCHREIBER:  Exactly, Judge.
14:33:50  25           THE COURT:  So do you want to move for summary first
```

```
14:33:53   1  on the part of the Alley and -- or declaratory judgment?  I
           2  think it's really a summary judgment motion, although it -- I
           3  don't think you -- you know the case better than I do and how
           4  you would package it.
14:34:07   5          MR. LANGHAM:  Your Honor, we believe that limiting the
           6  issue to whether or not the flood limit applies to these
           7  various requests for coverage is the easiest way to address
           8  this.
           9          THE COURT:  I agree.  I agree.  And do you want to go
14:34:23  10  first?
          11          MR. LANGHAM:  Absolutely, Your Honor.
          12          THE COURT:  Okay.  P to file declaratory judgment on
          13  legal issues of contract interpretation governing whether the
          14  flood limit applies, right?
14:34:37  15          MR. LANGHAM:  Yes, Your Honor.
          16          THE COURT:  And when will you be ready to file that?
          17          MR. LANGHAM:  We had proposed October 4th.
          18          THE COURT:  That sounds fine to me.  And then the
          19  defendant will file its response and cross motion --
14:35:06  20          MR. SCHREIBER:  That's correct, Judge.
          21          THE COURT:  -- legal application.  And then on
          22  November 18 the plaintiff will file its response to the
          23  defendant's --
          24          MR. LANGHAM:  Your Honor, if we are having to respond
14:36:02  25  to a cross motion, I may want to request more than two weeks
```

14:36:08   1  since --
           2           *THE COURT:*  That's fine.  I'll give you another --
           3           *MR. LANGHAM:*  Three should be sufficient.
           4           *THE COURT:*  How about November 29?
14:36:16   5           *MS. ALKAS:*  Not Thanksgiving.
           6           *THE COURT:*  Well, given the holidays, why don't I give
           7  you until December 6th.
           8           *MR. LANGHAM:*  Thank you, Your Honor.
           9           *THE COURT:*  All right.  And then we will have oral
14:37:08  10  argument on December 13 -- actually we're going to have oral
          11  argument January, early January, January 10, 2020, at 8:30 a.m.
          12           If I were to rule that the case was subject to a
          13  $3 million cap, it would likely settle, right?
          14           *MR. LANGHAM:*  Yes, Your Honor.
14:37:46  15           *THE COURT:*  Or you go up and seek an interlocutory
          16  appeal?
          17           *MR. LANGHAM:*  Yes.  I think that would really take
          18  things away from what -- from the claim we're asserting.
          19           *THE COURT:*  And if I was to rule the other way, 125
14:38:03  20  million applied, what would the -- can you forecast the likely
          21  impact?
          22           *MR. LANGHAM:*  For the named storm issue, there would
          23  really be little to do, because that only applies to property
          24  damage.
14:38:19  25           If it applies to the business income, we've

14:38:23  1  already provided lots of information on that, but there might
          2  be some depositions that they want to have and they may want to
          3  have some other motions related to donations that the Alley
          4  received, if that's not already covered within this cross
14:38:41  5  motion that we're contemplating doing in October.
          6          For sprinkler leakage, there may be some issues
          7  related to causation and some experts that may have to come in
          8  in that regard. But really lots of information has already
          9  been provided in the initial disclosures and through our more
14:39:10 10  than a year, almost two years exchange of information up to
         11  this point. So there's not a great deal of discovery to do,
         12  and we think that we can do that on pretty tight deadlines.
         13          *THE COURT:* All right.
         14          *MR. SCHREIBER:* And, Your Honor, I would just add,
14:39:30 15  with respect to the first round of summary judgments, assuming
         16  the Court were to rule as the Court previously indicated, that
         17  may give us an opportunity then to come together again and
         18  maybe attempt a mediation or something like that, since the
         19  parties' respective positions would have been affected by the
14:39:47 20  Court's ruling. But I think counsel is accurate in that
         21  obviously after the rulings with respect to the sprinkler
         22  leakage and the named storm, the causation and then the damages
         23  issues would then be subject to discovery and expert
         24  depositions, et cetera.
14:40:03 25          *MR. LANGHAM:* Yes, Your Honor. The parties have

14:40:06   1  anticipated even in the proposed schedule that immediately
           2  after we receive a decision from you, that we would go to
           3  mediation and try and get this resolved.
           4          *THE COURT:*  All right.  So, I'm not going to impose
14:40:20   5  any dates after the oral argument, because I think that
           6  everything after that depends, like a veritable roll of
           7  dominoes, on what happens shortly after that.
           8                  All right.  You'll get a copy of this.  That
           9  means you don't have to spend the money on experts beyond what
14:40:41  10  you've already done.  I assume that you have a whole lot of
          11  this information already in the bag.
          12          *MR. LANGHAM:*  Yes, Your Honor.
          13          *THE COURT:*  Have you already exchanged it?
          14          *MR. LANGHAM:*  No.
14:40:49  15          *THE COURT:*  Why don't you?
          16          *MR. LANGHAM:*  Well, we have information that we have
          17  exchanged but nothing related to expert work.
          18          *THE COURT:*  Well, have you exchanged information on
          19  the amount of damages that you are seeking under the various
14:41:04  20  categories?
          21          *MR. LANGHAM:*  Absolutely.
          22          *THE COURT:*  All right.  Good.  Very good.  Anything
          23  else that we can do today then?
          24          *MR. LANGHAM:*  No, Your Honor.
14:41:13  25          *MR. SCHREIBER:*  I think that's it, Your Honor.

```
14:41:16   1          THE COURT:  Do the parties agree to submit any
           2  attorneys' fees issues to the Court after other issues are
           3  resolved?
           4          MR. LANGHAM:  We do, Your Honor.
14:41:24   5          MR. SCHREIBER:  Yes, Your Honor.
           6          THE COURT:  Very good.  Thank you.  You are all
           7  excused.
           8          MR. LANGHAM:  Thank you.
           9          MS. MILLER:  Thank You.
14:41:29  10          MR. ROSS:  Thank you, Your Honor.
          11          MR. SCHREIBER:  Thank you, Judge.
          12      (Concluded at 2:41 p.m.)
          13                          * * *
          14  I certify that the foregoing is a correct transcript from the
          15  record of proceedings in the above-entitled cause, to the best
          16  of my ability.
          17
          18  /s/ Kathy L. Metzger                  9-13-2019
              Kathy L. Metzger                        Date
          19  Official Court Reporter
          20
          21
          22
          23
          24
          25
```